UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARMEN TORRES,

                Plaintiff,

      -against-               **MEMORANDUM AND ORDER**
                                    17 CV 4109 (KAM) (CLP)
GUTMAN, MINTZ, BAKER &
SONNENFELDT P.C. *et al.*

                Defendants.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

      On July 11, 2017, Carmen Torres ("plaintiff"), through counsel, commenced this action against Gutman, Mintz, Baker & Sonnenfeldt LLP ("GMBS"), Edguardo L. Baldinucci, Kathleen E. Nolan, Yevgeniya Musheyeva, and Buddy Equities LLC (collectively, "defendants") seeking damages, attorney's fees and costs, and injunctive and declaratory relief, pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, et seq., New York General Business Law ("GBL") § 349 *et seq.*, and New York Judiciary Law ("NYJL") § 487.

      Now before the Court is plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court grants plaintiff's motion.

BACKGROUND

Since approximately 2004, plaintiff leased a rent-stabilized apartment in a building owned and operated by defendant Buddy Equities LLC. (Compl.[1] ¶ 17). Due to plaintiff's severe disability and limited income, the entirety of plaintiff's rent is paid by the Department of Social Services ("DSS"), a branch of the New York City Human Resources Administration ("HRA"). (Id. ¶ 18).

In June 2014 and again in August 2016, plaintiff signed two-year rent stabilized lease agreements with defendant Buddy Equities LLC that required her to pay monthly rent in the amount of $1,714.40. (Id. ¶ 22). Under its standard practice, HRA would make two monthly rental payments on plaintiff's behalf. Such payments took the form of an "A check," typically sent on the first week of the month, and a "B check," typically sent on the third week of each month. Each check consisted of half of her total monthly rent. (Id. ¶ 19).

Between 2015 and 2016, defendant Buddy Equities, through its counsel, GMBS, initiated three eviction proceedings against plaintiff. (Id. ¶ 24). In each case, plaintiff alleges that Buddy Equities, GMBS, and its attorneys, unlawfully mischaracterized the debt owed by plaintiff or HRA. (Id.)

1. The First State Court Proceeding

On June 8, 2015, Defendants initiated a non-payment eviction proceeding against plaintiff in the Kings' County Housing Court in which defendants falsely represented that plaintiff had paid *none* of the $1,714.40 due in monthly rent from December 2014 through June 2015. (Id. ¶ 27). In total, defendants alleged that plaintiff owed $11,915.20, plus attorneys' fees.

---

[1] Citations to "Compl." refer to the Complaint filed by Carmen Torres on July 11, 2017, ECF No. 1.

(Id.) Rebutting defendants' claims, plaintiff's attorney provided the Housing Court with HRA records showing that DSS had paid $1,591.10 for every month that Defendant had alleged *complete* non-payment. Of the $11,915.20 defendants demanded, $10,682.20 had already been paid. (Id. ¶ 31). Despite the clear evidence, defendant continued litigating the matter for another five months. (Id. ¶ 30).

2. The Second State Court Proceeding

On July 26, 2016, defendants initiated a second nonpayment eviction proceeding against plaintiff. (Id. ¶ 34). They alleged that plaintiff failed to pay the full $1,714.40 due for the months of June and July 2016, and demanded payment of the rent amount, plus $1,147 in late fees, and attorney's fees. (Id.) On August 17, 2016, the Housing Court judge determined that plaintiff's rent for June and July had been fully paid by DSS and a Stipulation of Settlement and Discontinuance was filed. (Id. ¶ 36).

3. The Third State Court Proceeding

On November 9, 2016, defendants initiated a third nonpayment eviction proceeding against plaintiff, claiming that she owed $3,787.26 for failure to pay rent in October and November 2016, as well as attorney's fees. (Id. ¶ 38). On December 20, 2016, plaintiff's attorney filed a Motion to Dismiss and provided the Housing Court with records demonstrating that DSS had already paid the defendant $1,714.40 for the months in question, and that defendant had cashed the checks for those payments. (Id. ¶ 41). Ultimately, the Housing Court judge discontinued the case with prejudice, finding that plaintiff had made all her payments through November 30, 2016. (Id. ¶ 42).

4. <u>Plaintiff's Claims</u>

The Plaintiff claims that the misleading and abusive debt collection practices of GMBS and its attorneys, Ed Baldinucci and Kathleen Nolan, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Specifically, plaintiff contends that defendants violated the FDCPA by "sending repeated demand letters and initiating repeated meritless lawsuits; demanding that Ms. Torres pay rent she does not owe or face eviction; failing to properly notify Ms. Torres of the actual amount of her debt, if any, and her rights under law; and intentionally misrepresenting the status of Ms. Torres' account to her and to the Court." (<u>Id.</u> ¶ 69). Plaintiff claims that these actions run afoul of numerous FDCPA provisions prohibiting fraud, misrepresentation, and abusive practices in the collection of a debt, as well as the FDCPA's prohibition against the use of "unfair or unconscionable means in the collection of debt." (<u>Id.</u>)

Furthermore, plaintiff alleges that defendants' debt collection practices violated the New York General Business Law ("GBL") § 349 *et seq.* Specifically, Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade or commerce in the furnish of any services in this state[.]" N.Y. G.B.L. § 349(a). As explained above, plaintiff has claimed facts describing the defendants' alleged deceptive debt collection practices. It is further alleged that defendants' acts were both recurring in nature (defendants repeatedly tried to evict plaintiff) and potentially impacted many other similarly situated consumers. (<u>Id.</u> ¶¶ 53-54). Plaintiff contends that defendants' actions, as alleged in the Complaint, violate N.Y. GBL § 349.

Plaintiff also contends that GMBS and attorneys Edguardo L. Baldinucci, Kathleen E. Nolan, and Yevgeniya Musheyeva violated New York Judiciary Law § 487, which provides a private cause of action against an attorney who is "guilty of any deceit or collusion." NYJL

§ 487. Specifically, Plaintiff alleges that in the numerous demand letters sent to plaintiff, GMBS represented "that an attorney had performed meaningful review" of plaintiff's account. (Id. ¶ 49). Plaintiff contends that these statements cannot be true because had the GMBS attorneys actually performed meaningful review, they "would have determined that the amounts [claimed to be due] were incorrect." (Id. ¶ 50). In short, plaintiff alleges that "GMBS and its attorneys, Ed Baldinucci, Kathleen Nolan, and Yevgeniya Musheyeva, represented to the Kings County Housing Court and to Ms. Torres that the amounts alleged in the petition were due . . . despite information available to them to the contrary." (Id. ¶ 51). Thus, plaintiff claims that "GMBS and its attorneys acted to deceive the Court and Ms. Torres," and are therefore liable under NYJL § 487. (See id.)

## DISCUSSION

### A. Leave to Proceed *in Forma Pauperis*

The filing fee in this district is $400, which consists of the $350 filing fee prescribed by 28 U.S.C. § 1914(a) and the $50 administrative fee prescribed by the Judicial Conference of the United States pursuant to 28 U.S.C. § 1914(b). See 28 U.S.C. § 1914; Judicial Conference of the United States, District Court Miscellaneous Fee Schedule ¶ 14 (Dec. 1, 2016). Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding that a plaintiff is indigent. See 28 U.S.C. § 1915(a). The statute requires a plaintiff who seeks to proceed *in forma pauperis* to provide an affidavit describing his or her assets and stating that the person is unable to pay the fees or security required to bring an action or proceeding. 28 U.S.C. § 1915(a). A plaintiff may not be granted leave to proceed *in forma pauperis* if (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. Id.

5

§ 1915(e)(2). If the court is satisfied that plaintiff is indigent and that the complaint is not frivolous and adequately states a claim upon which relief may be granted, then the court may grant plaintiff leave to proceed *in forma pauperis* and thus authorize the plaintiff to commence or proceed with the lawsuit without prepayment of fees or security. See id. § 1915(a).

Moreover, while the vast majority of *in forma pauperis* motions involve *pro se* plaintiffs, courts in this district have consistently granted IFP status when plaintiff is represented by an attorney. See, e.g., Robinson v. City of New York, No. 16 CV 546, 2016 U.S. Dist. LEXIS 15157, at *1 (E.D.N.Y. February 8, 2016); Linton v. City of New York, No. 15 CV 2556, 2015 U.S. Dist. LEXIS 59419, at *1 (E.D.N.Y. May 6, 2015). However, in the event that plaintiff ultimately recovers funds sufficient to pay the filing fee, it may be appropriate to require plaintiff to reimburse the court at a later date. See Linton v. City of New York, 2015 U.S. Dist. LEXIS 59419, at *1. Requiring reimbursement is not inconsistent with 28 U.S.C. § 1915(a) which merely exempts IFP plaintiffs from the *prepayment* of fees. Robinson v. City of New York, 2016 U.S. Dist. LEXIS 15157, at *1–2. Further, such an arrangement "balances the Court's and the public's interest in obtaining filing fees . . . with the Court's and the public's interest in guaranteeing access to justice irrespective of a litigant's financial means." Darang v. City of New York, No. 15 CV 6058, 2015 WL 8207438, at *4 (E.D.N.Y. Dec. 7, 2015).

Here, plaintiff has offered sufficient proof that she is indigent and unable to afford the filing fee. In her affidavit, plaintiff states that she is unemployed, receives $468 per month in food stamps, and receives $694 per month in other public benefits. (Pl.'s IFP Mot. at 1, July 11, 2017, ECF No. 5). She also explains that she has no other source of income and has no money in a checking or savings account. (Id. at 1-2). She indicates that three of her children live with her and that she "contribute[s] to the entirety of their support." (Id. at 2). Based on this information,

the Court finds that plaintiff has demonstrated her inability to pay the filing fee to commence this action as required by 28 U.S.C. § 1915.

Plaintiff also has pleaded a plausible claim upon which relief can be granted. At the pleading stage, the Court "accept[s] as true all non-conclusory factual allegations" and "draw[s] all reasonable inferences in the plaintiff's favor." Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 225 (2d Cir. 2017). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a court must accept as true all factual allegations in the complaint, it is not required to accept the truth of conclusory statements of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2007).

Here, plaintiff has alleged facts sufficient to state plausible claims for relief under the FDCPA, N.Y. GBL § 349, and NYJL § 487. Specifically, with respect to her FDCPA claim, plaintiff alleges that defendants, over the course of three eviction proceedings, knowingly made numerous false and misleading representations in declaring how much rent plaintiff owed while having cashed the checks right before the proceedings. Such allegations suffice to state a claim for abusive debt collection practices, fraud, and misrepresentation under the FDCPA.

As for her claim under N.Y. GBL § 349, plaintiff has set forth numerous deceptive acts and practices allegedly committed by each defendant. Plaintiff's allegations also demonstrate the recurring nature of defendants' alleged deceptive rent collection practices over the course of several years. Such allegations suffice to state a claim for deceptive acts or practices in the conduct of business under N.Y. GBL § 349.

Finally, in support of her cause of action against GMBS and the three attorneys under NYJL § 487, plaintiff has alleged facts sufficient to demonstrate deceitful or collusive acts

directed at the state court and plaintiff. Such allegations suffice to state a claim for deceit and collusion with intent to deceive the court and the plaintiff under NYJL § 487.

Thus, plaintiff has demonstrated her inability to pay the required filing fee and that her pleading states a claim upon which relief can be granted. The Court therefore grants plaintiff's motion to proceed *in forma pauperis* and without the prepayment of fees.

**B.  Service of Process**

The Court must order the United States Marshals Service or someone specially appointed to serve process to effect service on behalf of a plaintiff who has been authorized to proceed *in forma pauperis*. See 28 U.S.C. § 1915(d) (providing that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) (explaining that the court "may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" and providing that "[t]he court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"). In this case, however, the docket sheet reflects that plaintiff has already accomplished service on the defendants. (See, e.g., Return of Service, Aug. 4, 2017, ECF No. 8). The Court therefore concludes that it is unnecessary to direct the United States Marshals Service to serve process in this case.

## CONCLUSION

The Court has reviewed plaintiff's financial affidavit and finds that plaintiff has demonstrated her inability to pay the filing fee in this action and that plaintiff is entitled to proceed *in forma pauperis* and without the prepayment of fees, pursuant to 28 U.S.C. § 1915(a). Plaintiff's motion to proceed *in forma pauperis* is therefore granted.

The plaintiff has already served the defendants, as reflected by the returns of service filed on the public docket, and the Court therefore declines to direct the United States Marshals Service to serve process on plaintiff's behalf in this action.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
March 29, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York