UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CARMEN TORRES,

                Plaintiff,

      -against-                                 **ORDER**
                                                 17 CV 4109 (KAM) (CLP)
GUTMAN, MINTZ, BAKER &
SONNENFELDT P.C. *et al.*,

                Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On March 29, 2018, this Court issued an Order granting plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (the "IFP Order"). (See generally Order, Mar. 29, 2018, ECF No. 41). By letter dated April 10, 2018, defendant Buddy Equities LLC ("Buddy") seeks clarification of certain statements in the Court's earlier Order, which it argues could be construed to have preclusive effect if Buddy were to bring a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See generally Buddy's Letter Mot., Apr. 10, 2018, ECF No. 44). Defendants Gutman, Mintz, Baker & Sonnenfeldt LLP, Edgardo Baldinucci, Kathleen Nolan, and Yevgeniya Musheyeva (the "Gutman Defendants") filed a letter on April 10, 2018 joining in Buddy's motion. (See Gutman Defs.' Letter at 1, Apr. 10, 2018, ECF No. 45).

      Federal courts decide the the cases and controversies that are before them; they do not issue advisory opinions. Flast v. Cohen, 392 U.S. 83, 96 (1968); see Azrelyant v. The B. Manischewitz Co., No. 98 CV 2502, 1999 WL 1129619, at *1 (E.D.N.Y. Oct. 27, 1999) (explaining that advisory opinions include not just advising the legislative or executive branches on legal questions, but also deciding questions that are not constitutionally justiciable, such as,

1

for example, issues that are not ripe). The IFP Order dealt exclusively with the standards for determining whether a party may proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Moreover, the defendants have not yet filed a motion to dismiss. The defendants' motion for clarification essentially asks the Court to decide what preclusive effect the IFP Order should be given in the event the defendants bring a motion to dismiss. To do so would be to render an impermissible advisory opinion.

The motion for clarification is therefore denied.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      June 7, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York